UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA   :   Criminal No.   10-333 (NLH)
                               Criminal No.   10-334 (NLH)
       v.                  :
                               Honorable Noel L. Hillman
TERREK PARKER              :


MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's filing of a motion to correct a clerical error pursuant to Fed. R. Crim. P. 36, see Docket Entry No. 15; and it appearing that:

(1) On September 16, 2009, the Court sentenced defendant to 32 months in the custody of the Bureau of Prisons on Docket No. 09-186.

(2) On November 9, 2010, the Court sentenced defendant to 21 months on Counts 1 and 2 of Docket No. 10-334 to be served concurrently to Docket No. 09-186.

(3) On the same date, November 9, 2010, the Court sentenced defendant to a total of 230 months in the custody of the Bureau of Prisons on Docket No. 10-333.  The 230 month term of incarceration consisted of 146 months on Counts 2, 3, and 5 of Docket No. 10-333, each of which was ordered to be served concurrently to each other, and 84 months on Count 4, which was to be served consecutively to Counts 2, 3, and 5 of Docket No.

10-333. The 230 month total term of imprisonment imposed on Docket No. 10-333 was ordered to be served consecutively to the 32 month term of imprisonment imposed on Docket No. 09-186; and

As the above sets forth, the 21-month sentence associated with Docket No. 10-334 is to be served **concurrently** to the 32-month term of imprisonment imposed in Docket No. 09-186. The aggregate 230-month sentence associated with Docket No. 10-333 is to be served **consecutively** to the 32-month term of imprisonment imposed in Docket No. 09-186; and

Because the judgment entered in this matter makes clear the concurrent nature of Docket Nos. 09-186 and 10-334, and the consecutive nature of Docket Nos. 09-186 and 10-133, there exists no clerical error that warrants a reduction in the aggregate 230-month consecutive sentence imposed under Docket No. 10-333.[1]

---

[1] To the extent that Defendant's motion is liberally construed as suggesting an inconsistency between the oral pronouncement of sentencing and the written judgment, Defendant has offered no evidence other than the general statement that, "[a]t the time of sentencing, it was the understanding of the parties that" the sentences be concurrent and therefore credit be given for time served. This is insufficient to sustain Defendant's burden. See U.S. v. Williams, 326 F. App'x 656, 658 (3d Cir. 2009) (affirming the denial of a Rule 36 motion where the defendant has proffered no evidence to suggest that a clerical error existed); U.S. v. Flint, 178 F. App'x 964, 969 (11th Cir. 2006) (ruling that, even "to the extent that the district court ambiguously stated [defendant's] sentence at the sentencing hearing, the sentence was clarified in its written judgment," therefore no clerical error existed and denial of defendant's Rule 36 motion was proper); U.S. v. Peters, 324 F. Supp. 2d 136, 142 (D. Me. 2004) (denying a Rule 36 motion where defendant alleged, but failed to proffer any evidence, that the court intended to impose a concurrent rather than consecutive

**IT IS**, therefore, on this ___4th___ day of_ April_____, 2012,

**ORDERED** that Defendant's Rule 36 motion is denied;[2] and it is further

**ORDERED** that no statement made in this Memorandum Opinion and Order should be construed as this Court having deemed Defendant's Motion, Docket Entry No. 15, as a petition filed pursuant to 28 U.S.C. 2255 or otherwise seeking habeas corpus relief, or this Court's expression as to the substantive or procedural validity of such applications, if filed; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon the United States Attorney's Office and upon Defendant's counsel by means of electronic delivery; and it is finally

---

sentence).

[2] When no clerical error is found to exist, the proper disposition of a Rule 36 motion is denial. See U.S. v. Williams, 326 F. App'x at 658 (affirming the denial of a Rule 36 motion where no clerical error existed); U.S. v. Flint, 178 F. App'x at 969 (same). The Court reiterates that the sentence to imprisonment explained here is the very same sentence that was imposed on Defendant during the original sentencing hearing, and it is merely a restatement for the edification of Defendant. The Court is fully aware that "Rule 36 does not authorize the sentencing court to correct a sentence imposed in violation of law, as a result of an incorrect application of the sentencing Guidelines, or to otherwise substantively modify sentences." United States v. Bennett, 423 F.3d 271, 278 (3d Cir. 2005) (citing 26 James Wm. Moore et al., Moore's Federal Practice ¶ 636.03[1][a] (3d ed. 2005)). No change, substantive or otherwise, has been made to Defendant's sentences.

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Defendant by certified mail, return receipt requested, directing such mailing to TERREK K. PARKER, ID # 41625-050, FCI LORETTO, P.O. BOX 1000, LORETTO, PA 15940.

    s/ Noel L. Hillman
HON. NOEL L. HILLMAN
United States District Judge

At Camden, New Jersey